UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH CAVAZOS,<br><br>  Defendant. | No. 1:19-cr-00196-DAD-BAM-1<br><br>ORDER GRANTING IN PART AND DENYING IN PART *EX PARTE* APPLICATION REGARDING ORDER OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE<br><br>(Doc. No. 29) |

Before the court is the government's *ex parte* application seeking an order finding that petitioner Joseph Cavazos, as a result of his pending motion filed pursuant to 28 U.S.C. § 2255 (Doc. No. 20), has waived the attorney-client privilege and the work product privilege, and that the government is therefore entitled to compelled discovery of responsive attorney-client communications and work product.  (Doc. No. 29.)

Unless, in accordance with the instructions below, petitioner chooses to withdraw those portions of his § 2255 motion that allege ineffective assistance of his prior counsel, the government's application is granted in part and denied in part as follows:

(1) The attorney-client privilege of petitioner Joseph Cavazos is waived with respect to all communications between petitioner Joseph Cavazos and his former attorney,

1

Eric Schweitzer, including attorney Schweitzer's staff and agents, concerning events and facts related to petitioner's claims of ineffective assistance of counsel asserted in petitioner's § 2255 motion in *United States v. Joseph Cavazos*, No. 1:19-cr-00196-DAD-BAM (E.D. Cal.).

(1) The work product privilege is waived with respect to the work product of attorney Schweitzer, concerning events and facts related to petitioner's claims of ineffective assistance of counsel presented in his pending § 2255 motion.

(2) Attorney Schweitzer, and his staff and agents if relevant, may provide the government with a declaration addressing attorney-client communications and work product concerning events and facts related to the ineffective assistance of counsel claims presented in petitioner's § 2255 motion, and may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(3) To the extent the government's request is broader than this order, including its request for production of "all communications" between attorney Schweitzer's and petitioner "concerning events and facts related to petitioner's claims of ineffective assistance of counsel in his § 2255 motion" (Doc. No. 29-1 at 1), the government's request is denied without prejudice, subject to renewal by motion providing further information as to the specific necessity of the production of such documents.

(4) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

Alternatively, if in light of the above finding of the waiver of these privileges, petitioner wishes to no longer proceed with his pending § 2255 motion asserting an ineffective assistance of counsel claim, he must notify this court within twenty-one (21) days from the date of this order by withdrawing the allegations concerning ineffective assistance of counsel in his pending motion. Petitioner's failure to do so within the time provided will be deemed by the court to be a

/////

confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges.

Accordingly,

1. The government's *ex parte* application (Doc. No. 29) is granted in part and denied in part;
2. Petitioner, if he chooses to do so, has twenty-one (21) days from the date of this order to notify the court that he no longer wishes to proceed with those portions of his pending § 2255 motion asserting ineffective assistance of counsel claims;
3. In the event the petitioner indicates he wishes to proceed or does not respond within twenty-one days, this will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges;
4. The court extends the government's March 19, 2021 deadline (Doc. No. 27) to file an opposition to the pending 28 U.S.C. § 2255 motion, in order to provide sufficient time for petitioner Cavazos to respond to this order; and the government's new deadline for filing its opposition to the § 2255 motion is April 19, 2021; and
5. Petitioner will have 21 days from the date of service of the government's opposition to file a reply thereto if he wishes to do so.

IT IS SO ORDERED.

Dated:   **March 18, 2021**

UNITED STATES DISTRICT JUDGE

3