UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CAVAZOS,<br><br>Defendant-Movant. | No.  1:19-cr-00196-DAD-BAM-1<br><br>ORDER DENYING DEFENDANT JOSEPH CAVAZOS'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. No. 20) |

Defendant-movant Joseph Cavazos ("movant") is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 20.)  The court has considered the parties' briefing and, for the reasons set forth below, will deny defendant's motion.

## BACKGROUND

On September 23, 2019, defendant waived his Fifth Amendment right to proceed by way of grand jury indictment and pled guilty before District Judge Lawrence J. O'Neill to the sole count set forth in an Information for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. Nos. 10, 14.)  At that change of plea hearing, defendant was advised of the charge, the maximum penalties, and his constitutional rights.  (*Id.*; Doc. No.

/////

1

1    25 at 2:13–9:16.)  The case was thereafter scheduled for sentencing before the undersigned.

2    (Doc. No. 14.)

3          On December 16, 2019, defendant appeared for sentencing.  (Doc. No. 18.)  At that time,

4    defendant was sentenced to an eighty-six-month term of imprisonment in the custody of the U.S.

5    Bureau of Prisons to be followed by a thirty-six-month term of supervised release.  (Doc. No. 19

6    at 2–3.)  The court also imposed the mandatory $100.00 special assessment.  (*Id.* at 7.)

7          On November 17, 2020, movant's pending motion was docketed.  (Doc. No. 20.)  On

8    November 24, 2020, the court screened the motion and set a briefing schedule directing the

9    government to respond to the motion within 45 days.  (Doc. No. 21.)

10         However, the government failed to file a response.  Accordingly, on February 17, 2021,

11   the court directed the government to file its brief or a notice of non-opposition no later than the

12   following day, or to explain to the court why it was unable to do so.  (Doc. No. 22.)  On February

13   18, 2021, counsel for the government explained that the pending motion was inadvertently

14   overlooked and requested the setting of a new deadline of March 21, 2021 for the filing of its

15   opposition.  (Doc. No. 26.)  On February 19, 2021, the court granted that request in part and set a

16   deadline of March 19, 2021 for the filing of the government's opposition, due to the fact that the

17   requested March 21 date was a Sunday.  (Doc. No. 27.)  On March 17, 2021, the government

18   filed an *ex parte* application for an order finding that movant, as a result of having asserted

19   ineffective assistance of counsel claims in his pending § 2255 motion (Doc. No. 20), had waived

20   the attorney-client privilege and the work product privilege, and that the government was

21   therefore entitled to compel discovery of responsive attorney-client communications and work

22   product.  (Doc. No. 29.)  The court granted the application in part, and movant was granted

23   twenty-one days to notify the court should he no longer wish to proceed on  those portions of his

24   pending § 2255 motion asserting ineffective assistance of counsel claims in light of the finding of

25   his waiver of these privileges.  (Doc. No. 30.)  Therein, the court also extended the government's

26   deadline to file its opposition brief to April 19, 2021 in order to provide sufficient time for

27   movant to respond to the court's order.  (Doc. No. 30.)  Movant did not respond, and accordingly,

28   on April 19, 2021, the government filed its opposition to the pending motion.  (Doc. No. 21.)  On

April 20, 2021, the government filed Exhibit 2, the declaration of movant's prior counsel in the underlying criminal case, to its pending motion.  (Doc. No. 32.)  Movant did not file a reply.

## LEGAL STANDARD

A federal prisoner making a collateral attack against the validity of his or his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence.  *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).  Section 2255 provides four grounds upon which a sentencing court may grant relief to a federal prisoner:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333, 344–45 (1974); *Monreal*, 301 F.3d at 1130; *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

To warrant the granting of relief, the movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").  Such relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

"[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted); *see also United States v. Withiss*, 638 F.3d 1055,

1062–63 (9th Cir. 2011); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).  To

warrant a hearing, therefore, the movant must make specific factual allegations which, if true,

would entitle him to relief.  *Withiss*, 638 F.3d at 1062; *McMullen*, 98 F.3d at 1159.  Mere

conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to

hold a hearing.  *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

**DISCUSSION**

In his pending motion, movant argues in a conclusory and somewhat confusing fashion

that he is entitled to post-conviction relief pursuant to 28 U.S.C. § 2255 on grounds related to his

plea agreement and the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. ___, 139 S.

Ct. 2191 (2019), as well as on grounds related to the alleged ineffective assistance provided by

his prior counsel.  (Doc. No. 20 at 4–8, 14, 17, 22.)  The court will address each claimed ground

below.

**A.      The Claimed *Rehaif* Grounds for Post-Conviction Relief**

Movant first claims that his plea agreement is "invalidated by *Rehaif v. United States*, and

[the plea] was made unknowingly, unintelligently and involuntarily" because his counsel did not

explain the decision in *Rehaif* or "its elements to [movant] . . .."  (Doc. No. 20 at 4, 14.)  In

response to the pending motion, the government argues that movant was "properly advised of the

maximum penalty he faced multiple times" and that the Supreme Court's opinion in *Rehaif* had

no impact on his case because the requirement that the defendant not only knew that he possessed

a firearm but also knew of status making that possession unlawful had already been incorporated

into the charge of violating 18 U.S.C. § 922(g)(1) brought against movant.  (Doc. No. 31 at 4.)

The undersigned notes that on June 21, 2019, the United States Supreme Court issued its

opinion in *Rehaif v. United States*, holding that in a prosecution under 18 U.S.C. § 922(g), the

government must prove "both that the defendant knew he possessed a firearm and that he knew

he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at

2200.  Therein, the Court concluded that the mere fact of having a prior felony conviction was not

sufficient, it must be shown that the defendant knew he possessed the firearm and also knew that

he had "been convicted in any court of a crime punishable by imprisonment for a term exceeding

4

one year" pursuant to § 922(g)(1).  *Id.* at 2194 ("We hold that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status.  To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.").

However, the Supreme Court's opinion in *Rehaif* was issued prior to the filing of the criminal complaint that commenced this action on September 9, 2019.  More importantly, the holding in *Rehaif* was reflected in Count One of the Information to which movant entered his guilty plea and in which he was charged with knowingly and intentionally possessing the Glock 9mm semi-automatic pistol "knowing that he had been convicted of a crime punishable by more than a year imprisonment" and specifically listing his several prior felony convictions suffered between 199 and 2012.  (Doc. No. 10.)  Although movant argues in a confusing and conclusory fashion in his pending § 2255 motion that *Rehaif* invalidates his guilty plea in this case, movant's signed plea agreement also specifically reflected the knowledge element required by the decision in *Rehaif*:

> COUNT 1 – Felon in possession of a Firearm
>
> The elements of the crime of Felon in possession of a Firearm are:
>
> First, the defendant knowingly possessed a Glock 9mm pistol;
>
> Second, the firearms had been shipped or transported from one state to another; and
>
> Third, **at the time the defendant possessed the firearms, the defendant was and knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.**

(Doc. No. 12 at 2) (emphasis added.)

Finally, movant was further advised of the knowledge element of the § 922(g)(1) offense with which he was charged in the Information and to which movant chose to plead guilty by the court at his change of plea hearing:

> THE COURT:  Okay.  In the information in count one, the United States Attorney charges you on or about July 9 of 2019 in the County of Fresno, State and Eastern District of California **knowing that you have been convicted of a crime punishable by more than a year imprisonment**, specifically, a 1999 Fresno Superior Court conviction for possession of a controlled substance for sale.

5

1
[. . .]

2
Okay. Also a conviction, a felony conviction in 2004, Fresno Superior Court
conviction for possession of a controlled substance while armed.  Third conviction

3
was same year, same county a conviction for felon in possession of a firearm.

4
Also, a 2006 Fresno Superior Court conviction for felon in possession of a firearm.
In 2007 a conviction in Fresno County for a California Health and Safety Code

5
11351.

6
In 2010 Fresno Superior Court conviction for a felon or an addict in possession of
a firearm and corporal injury on a spouse, or a co-habitant.

7

8
And lastly, in 2012, Fresno Superior Court a conviction of felon or an addict in
possession of a firearm.

9
And in spite of all of these felony convictions you knowingly and intentionally
possessed a firearm, specifically a Glock .9 millimeter semi-automatic pistol

10
which had been shipped and transported in interstate and foreign commerce all in
violation of Title 18 of the United States Code, Section 922(g)(1).

11
How do you wish to plead?  Guilty or not guilty?

12
THE DEFENDANT: Guilty.

13

14
(Doc. No. 25 at 8:4–9:12) (emphasis added.)  Thus, although it remains unclear in what way

15
movant believes his entry of plea was rendered invalid by the decision, the undersigned is able to

16
conclude that the record before the court conclusively demonstrates that his claim in this regard

17
lacks merit.  Movant was properly advised of all the elements of the § 922(g)(1) charge, as those

18
elements were identified by the Supreme Court in *Rehaif*, and after being so advised entered a

19
knowing and voluntary plea of guilty to that charge.

20
Moreover, movant does not represent that he was unaware that he was a convicted felon

21
or that he could have presented evidence that he did not in fact know he was a convicted felon

22
when he possessed the Glock .9 millimeter semi-automatic pistol.  Given that movant has been

23
convicted of multiple felonies, including three previous felony convictions for being a convicted

24
felon in possession of a firearm in violation of California law, to the extent movant's argument is

25
that his counsel should have raised a defense based upon a claim that the knowledge element was

26
lacking in his case, the court agrees with movant's attorney that such a defense was not available

27
to movant and would have been frivolous to consider or raise.  (Doc. No. 32 at ¶ 6.)  In this

28
regard, the Ninth Circuit has acknowledged that counsel's failure to advise a client of frivolous

1    arguments "does not render [that individual's] guilty plea anything less than knowing and

2    voluntary." *United States v. Michlin*, 34 F.3d 896, 901 (9th Cir. 1994).

3         Accordingly, the court will deny movant's § 2255 motion to the extent it is based on his

4    *Rehaif*-related challenges.

5    **B.    Ineffective Assistance of Counsel**

6         Movant also contends that his counsel was ineffective in several related claimed respects:

7    for allowing the government to breach its plea agreement with movant without raising any

8    objection; for advising movant that he would not receive a sentence of more than a 66-month

9    term of imprisonment; and that movant was not made aware of the severity of the charged offense

10   because he was rushed into signing his plea agreement, which he did not understand.  (Doc. No.

11   20 at 14–19.)

12        In response, the government asserts that there was no breach of the plea agreement and

13   that movant confirmed that he understood the elements of the charge to which he pled guilty

14   along with the factual basis for it set forth therein.  (Doc. No. 31 at 5, 7; *see also* Doc. No. 25 at

15   4-9.)  The government contends that movant cannot show that his counsel's "'representation fell

16   well below an objective standard of reasonableness' and 'that there is a reasonable probability

17   that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

18   to trial'" nor could movant demonstrate any prejudice because his attorney did not err in seeking

19   resolution of movant's case by way of plea agreement.  (*Id.* at 5–7) (citing *Hill v. Lockhart*, 474

20   U.S. 52, 57, 59 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984))).  The

21   government's arguments in this regard are persuasive.

22        Here, movant's arguments seeking § 2255 relief on the grounds that he received the

23   ineffective assistance of counsel are also unavailing.  With respect to his contention that his

24   counsel at sentencing was ineffective, movant merely argues in conclusory fashion that his

25   counsel promised him a sentence of 66-months confinement, which is disputed by movant's

26   counsel and contradicted by the plea agreement signed by movant in this action, as well as by his

27   plea colloquy with the court.  (*See* Doc. Nos. 12; 32 at ¶¶ 7, 11; 25 at 6.)  Movant's former

28   counsel convincingly states that he did not promise movant a sentence of any particular length nor

1   did movant's plea agreement, which he signed and stated that he completely understood, even

2   reflect a recommended sentence.  (*Id.*)  Rather, the plea agreement in this action stated only that

3   the government agreed to recommend a mid-range sentence under the guidelines.  (Doc. No. 12 at

4   5) ("The government agrees to recommend the Court impose a sentence at the mid-range of the

5   Sentencing Guidelines range as determined by the Court.")[1]  Based upon the record, the court

6   concludes there was no breach of movant's plea agreement by the government, and any argument

7   that the performance rendered by movant's counsel was deficient due to a failure to object on that

8   basis are completely unfounded.

9        Movant's other arguments are also belied by the record in this case, which demonstrate

10   that he was advised of the maximum possible penalty he faced on more than one occasion.  (Doc.

11   Nos. 1 at 1 ("Maximum penalty for this offense is 10 years prison, $250,000 fine, both fine and

12   imprisonment, $100 special assessment); 12 at 5–6 ("Maximum [potential sentence]: Ten years

13   imprisonment).)  At the change of plea hearing, the court confirmed that movant understood each

14   of the terms of his plea agreement, and that he was satisfied with his counsel's representation of

15   him:

16   
17   

18   

19   

20   

21   

22   

23   

> THE COURT:  And you understand that the maximum possible sentence in this
> case is 10 years imprisonment and a fine of $250,000 or both, a term of supervised
> release, a maximum of three years, and a mandatory penalty assessment of $100.
> Do you understand that?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  And do you have any questions at all about the plea agreement?
>
> THE DEFENDANT:  No, Your Honor.
>
> . . .
>
> THE COURT:  Is anybody forcing you in any way, or threatening you to get you
> to do this?

24   

25   

26   

27   

28   

---

[1]  The court notes that movant's offense level was found to be 21 and that his criminal history category was found to be VI, resulting in an advisory sentencing guideline range calling for a term of imprisonment of between 77 and 96 months.  (Doc. No. 28 at 3–4.)  In keeping with the parties' plea agreement the government recommended a mid-guideline range sentence of 86 months in the custody of the Bureau of Prisons.  (*Id.*) The court followed that recommendation (*id*. at 8) despite a probation office recommendation of a top of the advisory guideline sentence of 96 months in prison.  (Doc. No. 17 at 24, 26.)

1

2
THE DEFENDANT:  No, Your Honor.

3
THE COURT:  Is anybody promising you anything other than what's in your plea agreement?

4
THE DEFENDANT:  No, Your Honor.

5
THE COURT:  I'm not part of the plea agreement.  If I don't follow it, you can't take your change of plea back, do you understand that?

6

7
THE DEFENDANT:  Yes, Your Honor.

8
THE COURT:  I'm obligated to consider the federal guidelines in sentencing, but I'm not obligated to follow them; and if I don't, you cannot take your change of plea back.  Do you understand?

9

10
THE DEFENDANT:  Yes, Your Honor.

11
THE COURT:  Now, do you have any questions of your lawyer in private?  Or me, here in open court before I take your change of plea?

12
THE DEFENDANT:  Can I talk to my lawyer about it?

13
THE COURT:  Absolutely.  (Pause - defendant conferring with counsel.)

14
THE DEFENDANT:  All right, Your Honor.  I'm ready.

15
THE COURT:  Do you have any questions now that have been unanswered, either of your lawyer or of me?

16
THE DEFENDANT:  No, sir.

17
(Doc. No. 25 at 5:12–20, 6:15–7:14.)

18

19
Given this record, and absent any evidence or persuasive argument to the contrary,

20
movant has not met his burden of establishing that his attorney provided him with constitutionally

21
ineffective assistance.  *See Strickland*, 466 U.S. at 687  ("A convicted defendant's claim that

22
counsel's assistance was so defective as to require reversal of a conviction or death sentence has

23
two components.  First, the defendant must show that counsel's performance was deficient . . ..

24
Second, the defendant must show that the deficient performance prejudiced the defense."); *see*

25
*also Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990) (even a defense counsel's

26
inaccurate prediction of sentence, without more, does not constitute ineffective assistance of

27
/////

28
/////

9

1    counsel).  While movant now objects to the length of the sentence he has received,[2] this alone

2    does not support a claim for ineffective assistance of counsel.

3         The court has also considered movant's claims that he was incompetent and unable to

4    understand the contents of the plea agreement because he has a confirmed Test of Adult Basic

5    Education score of 5.9.  (Doc. No. 20 at 14.)  Movant's former attorney has declared that he

6    represented movant previously and had known him for approximately four or more years, and that

7    movant's "level of education has not interfered with [counsel's] ability to communicate with him,

8    with his ability to understand me, or his ability to understand the criminal process, including the

9    severity of crimes for which he has faced charges."  (Doc. No. 32 at ¶ 9.)  Given counsel's

10   declaration, executed under penalty of perjury, as well as the court's colloquy with movant at the

11   time of his change of plea, the court finds movant's arguments that he was unable to understand

12   his plea agreement or was somehow rushed into signing it to be completely unsupported by the

13   record and unpersuasive.

14        Accordingly, the court will also deny movant's § 2255 motion to the extent it is based on

15   claims that he received ineffective assistance of counsel.

16   **C.    Certificate of Appealability**

17        A movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has

18   first obtained a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  To

19   obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial

20   showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists

21   could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a

22   different manner or that the issues presented were 'adequate to deserve encouragement to proceed

23   /////

24   _____

25   [2]  Furthermore, to the extent movant's claim is that the sentence he received was simply too
     harsh, as opposed to a claim that he received ineffective assistance of counsel, he has failed to
26   state a cognizable claim for relief because as part of his plea agreement he knowingly and
     voluntarily waived his right to appeal or collaterally attack his plea and sentence.  (*See* Doc. No.
27   28 at 10:13–21); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) ("A
     knowing and voluntary waiver of a statutory right is enforceable.") (citing *United States v.
28   Navarro–Botello*, 912 F.2d 318, 321 (9th Cir. 1990)).

1    further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.

2    880, 893 & n.4 (1983)).

3         In this case, reasonable jurists would not debate that movant's grounds for relief cannot be

4    supported in this § 2255 proceeding.  Therefore, the court will decline to issue a certificate of

5    appealability.

6                                    **CONCLUSION**

7         Accordingly,

8    1.    Movant's pending motion to vacate, set aside, or correct his sentence pursuant to

9          28 U.S.C. § 2255 (Doc. No. 20) is denied;

10   2.    The court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c);

11         and

12   3.    This case remains closed.

13   IT IS SO ORDERED.

14   Dated:   __**June 13, 2022**__                    _____

15                                                     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28